IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| RAY ROGER NICHOLAS LONDON, ) | |
| ) | |
| Petitioner ) | CRIMINAL ACTION NO.: 4:11CR36 |
| ) | CIVIL ACTION NO.: 4:13cv71 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RESPONSE OF THE UNITED STATES TO DEFENDANT'S
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

The United States of America, by and through its attorneys, Dana J. Boente, Acting United States Attorney for the Eastern District of Virginia, and Howard J. Zlotnick, Managing Assistant United States Attorney, submits this Response of the United States to Petitioner's Motion to Vacate, Set Aside or Correct a Sentence filed by RAY ROGER NICHOLAS LONDON ("London"), pursuant to Title 28, United States Code, Section 2255. The United States requests that all relief sought be denied and that the motion be dismissed without a hearing. In support thereof, the United States submits the following points and authorities.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

The defendant, a citizen of Guyana, was indicted for illegal re-entry of a removed alien in violation of Title 8 U.S.C. § 1326(a), on May 11, 2011. (ECF 1). On June 16, 2011, he pled guilty to the Indictment without a plea agreement and the matter was continued for preparation of the Pre-Sentence Report (hereinafter "PSR"). In the Statement of Facts signed and filed in open court at the time of his plea, London admitted he illegally re-entered the United States following his deportation in 2002. (ECF 13).

1

The PSR indicated the defendant first entered the United States in 1977, and in 1988 deportation proceedings were initiated following his convictions for attempted robbery (1986) and attempted assault (1987). (PSR, ¶¶ 6-7). The proceedings were stopped in 1989 after the defendant appealed his convictions. (PSR, ¶ 8). In 1990, the defendant was arrested in Chesapeake, Virginia for possession of cocaine with intent to distribute. (PSR, ¶ 9). On November 10, 1992, the defendant was convicted in United States District Court for possession of marijuana. (PSR, ¶ 12). At the conclusion of his immigration hearing, in July, 2002, London was ordered removed from the United States to Guyana. (PSR, ¶ 16). He returned to the United States in 2004, (PSR ¶ 17), and in 2011 was arrested and charged with possession of marijuana by Newport News Police. He remained in custody on an immigration detainer and was subsequently indicted federally.

The PSR provided a base offense level of eight, sixteen levels were added for a prior deportation, and three levels were deducted for acceptance of responsibility, resulting in an adjusted offense level of twenty-one. (PSR, Worksheet A). London had a criminal history category of IV, resulting in a Guideline range of 57 to 71 months. (PSR, Worksheet D). On November 1, 2011, the Government and the defense filed their position papers stating they had no objection to the material factors or facts set down in the PSR. (ECF 18 and 19). At the start of the sentencing hearing, on November 7, 2011, London sought to withdraw his guilty plea and have new counsel appointed. He testified that he believed his immigration case and criminal case would be handled in one proceeding and that if he received "readjustment of his status, that the criminal charges would be thrown out." (Sentencing Hearing transcript ("SH"), p. 8.)

An extensive inquiry by the court followed, including an evaluation of the six factors set forth in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Following argument, the Court denied both motions on the grounds that he had not made a showing that his plea was unknowing and involuntary, and he had not claimed actual innocence. (SH Tr., p. 21). The court sentenced London to fifty-seven (57) months and he timely noted his appeal. The Fourth Circuit affirmed his conviction by unpublished *per curiam* opinion on May 3, 2012. See *United States v. Ray London*, 473 Fed.Appx. 311, 2012 WL 1548219 (4th Cir. 2012).

On May 28, 2013, London' filed the instant motion asking that his sentence be vacated, set aside or corrected on the grounds that the court was without jurisdiction to hear his case, and his counsel was ineffective for failing to investigate his citizenship status and challenge the jurisdiction of this court. (ECF 41 and 42). These claims are not supported by the record in this case and should be denied.

Because it clearly appears from the face of the motion and from prior proceedings in the case that London is not entitled to the relief he seeks, the Court should dismiss the petition without an evidentiary hearing. *See,* Rule 4, Rules Governing §2255 Proceedings.

## II.   LEGAL STANDARD

A petitioner appealing his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the United States Constitution or laws, that the Court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; see also *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

The scope of a § 2255 collateral attack is far more limited than an appeal, and thus a "collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). Procedural default will bar consideration under § 2255 of any matter that should have been raised at trial, *Wainwright v. Sykes,* 433 U.S. 72 (1977), or that could have been pressed on appeal but was not, unless the petitioner demonstrates "cause" for his double procedural default and "actual prejudice" resulting from the error. *Frady,* 456 U.S. at 167-68. Moreover, a court may grant relief under § 2255 only where the putative error is jurisdictional, constitutional, or an error of law that inherently results in a complete miscarriage of justice. *United States v. Addonizio*, 442 U.S. 178, 185 (1979); see also *Davis v. United States*, 411 U.S. 233 (1973). To show that failure to entertain a collateral attack would result in a miscarriage of justice, the defendant "must show actual innocence by clear and convincing evidence." *United States v. Mikalajunas*, 186 F.3d 490, 493 (1999), *cert. denied* 529 U.S. 1010 (2000). Although the doctrine of procedural default generally bars claims not previously raised, a freestanding claim of ineffective assistance of counsel may properly be asserted for the first time in a § 2255 petition. *United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991). *cert. denied*, 503 U.S. 997 (1992).

To be successful in an ineffective assistance of counsel claim, a petitioner must show that counsel's actions meet the two-prong test announced in *Strickland v. Washington*. 466 U.S. 668, 687 (1984). First, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Bacon v. Lee,* 225 F.3d 470, 478 (4th Cir. 2000) (quoting *Strickland*, 466 U.S. 668, 688 (1984)). Petitioner's counsel is entitled to a "strong presumption" that a trial counsel's strategy and tactics fall "within the wide range of reasonable professional assistance."

*United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004) (citing *Strickland*, 466 U.S. at 689). Second, a petitioner must demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Bacon*, 225 F.3d at 478 (citing *Strickland*, 466 U.S. at 694).

The government's interest in the finality of judgments warrants "stringent" application of the cause and prejudice standard. *United States v. Metzger*, 3 F.3d 756, 757 (4th Cir. 1993), *cert. denied*, 114 S.Ct. 1374 (1994). It is not enough to show the <u>possibility</u> of prejudice. The errors must have worked to a defendant's "actual and substantial" disadvantage, infecting the entire proceeding with "error of constitutional dimensions." *Frady*, 456 U.S. at 170. The *Frady* standard even extends to constitutional claims. *See Murray v. Carrier*, 477 U.S. 478, 493 (1986) (applying test of fundamental defect); *Campino v. United States*, 968 F.2d 187, 190 (2d. Cir. 1992) ("generally accepted" that procedural default of even a constitutional issue will bar review under § 2255, unless cause and prejudice test met).

### III. *PRO SE* PETITIONER

A *pro se* petitioner is entitled to have his petition and asserted issues construed liberally, because a *pro se* petitioner is held to less stringent standards than an attorney drafting such complaints. *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978).

### IV. ARGUMENT

Petitioner makes two claims in his Section 2255 motion; that due to his citizenship status this court did not have jurisdiction to hear his case, and second, his counsel was ineffective for failing to investigate his citizenship status and challenge the court's jurisdiction. (ECF 41 and 42). The only issue raised on appeal was this court's denial of his request to withdraw his guilty plea. Thus, in order to collaterally attack his conviction on jurisdictional grounds, he must show

5

cause and prejudice for his procedural default. He has failed to do so. Further, he does not claim that he is actually innocent of the charges and offers no evidence that a miscarriage of justice would result from this court's failure to entertain his petition. Contrary to the claims he now makes, Petitioner acknowledged under oath during the Rule 11 hearing that he was pleading guilty because he was in fact guilty and confirmed he understood the consequences of his guilty plea. His petition should be dismissed for the reasons set forth below.

### A. Jurisdiction

London first claims this court was without jurisdiction to hear his case. Specifically, he alleges his case "belonged in an Immigration Court," as there is a "question regarding his citizenship." (ECF 41, p. 5; ECF 42, p. 1). This claim lacks merit.

While London first raised an issue regarding a challenge to his citizenship status at sentencing, he failed to seek review on direct appeal. Absent a showing of "cause" and "prejudice" a petitioner may only raise a procedurally defaulted claim in a collateral attack upon a showing that a "miscarriage of justice would result from the refusal of the court to entertain the collateral attack." *United States v. Mikalajunas,* 186 F.3d 490, 493 (4th Cir.1999) (citing *Frady,* 456 U.S. at 167–68; *United States v. Maybeck,* 23 F.3d 888, 891–92 (4th Cir.1994)). As London has not attempted to meet this threshold, this claim should be denied.

The defendant was indicted by a federal grand jury sitting in the Eastern District of Virginia and this court had jurisdiction over his case pursuant to federal statute. Title 18, U.S.C. § 3231 states, in-part: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. . ." *Id.* As jurisdiction was proper, this claim must fail.

Further, there is absolutely no support for London's claims that his immigration status "might" have been re-adjusted and thus the criminal indictment would fail as there is no evidence he had requested that his status be reviewed.

Petitioner is a citizen of Gayana who illegally re-entered this country after being deported. He is a two time convicted felon and upon his arrest, on April 27, 2011, he was held by the Bureau of Immigration and Customs Enforcement (ICE) on an administrative detainer. Shortly before he was indicted he was interviewed by the Dept. of Homeland Security and, according to Form I-213 which Petitioner attached to his motion as Exhibit C, he had "made no claims of U.S. citizenship or any other claims to legal resident of the U.S." (ECF 42, exhibit C). Following indictment, he chose to plead guilty, acknowledged his understanding of the charges and potential sentence he faced, confirmed he had reviewed all possible defenses with his defense counsel, and confirmed he was pleading guilty because he was in fact guilty.

Dissatisfied with the 51-71 months sentence he faced, he sought to withdraw his guilty plea on the grounds that he did not understand that his immigration matter and the criminal matter were two separate proceedings. The court found this claim lacked merit, concluding that the defendant was . . . "fairly well versed in the immigration processes; having been involved for some time in them." (SH, p. 22). This court retained jurisdiction to hear this case and London procedurally defaulted this claim by failing to raise it on appeal. He has not alleged he was innocent of the crime, or that a miscarriage of justice would ensue for the court's failure to entertain this attack. This claim should be denied.

B. **Ineffective Assistance of Counsel**

In a related claim, London argues counsel was ineffective for failing to investigate his citizenship status and challenge the district court's jurisdiction to hear his case. London was represented by Attorney Fernando Groene.

To prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Bacon v. Lee,* 225 F.3d 470, 478 (4th Cir. 2000) (quoting *Strickland*, 466 U.S. 668, 688 (1984)). Petitioner's counsel is entitled to a "strong presumption" that a trial counsel's strategy and tactics fall "within the wide range of reasonable professional assistance." *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004) (citing *Strickland*, 466 U.S. at 689). The objectiveness of counsel's assistance is based on counsel's perspective at the time of the alleged error and in light of all the circumstances, under a "highly deferential" standard. *Roane*, 378 F.3d at 404-405 (citing *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986); *Strickland*, 466 U.S. at 689). Second, a petitioner must demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Bacon*, 225 F.3d at 478 (citing *Strickland*, 466 U.S. at 694). In order to do so, the petitioner must show a "probability sufficient to undermine confidence in the outcome." *Roane,* 378 F.3d at 405 (citing *Strickland,* 466 U.S. at 694). Petitioner's failure to show either of the two prongs renders it unnecessary for the court to consider the other requirement. *Roane,* 378 F.3d at 404 (citing *Williams v. Kelly,* 816 F.2d 939, 946-47 (4th Cir. 1987)).

The Fourth Circuit has narrowly construed *per se Strickland* prejudice to occur in three discrete situations: first, when there is "no lawyer . . . present at a critical stage of the proceedings," *Lentz v. Washington*, 444 F.3d 295, 303 (4th Cir. 2006); second, "the rare claim of . . . Constructive denial of counsel," where counsel "fails to subject the prosecution's case to meaningful adversarial testing and thus might as well be absent from the proceedings," *Lentz,* 444 F.3d at 303-04; and third, circumstances under which "the likelihood that any lawyer . . . could provide effective assistance is so small that a presumption of prejudice is appropriate . . ." *Id.*

The burden is on the petitioner to "identify acts or omissions of counsel" that are alleged to be unreasonable. *Id.* at 690. A reviewing court must then determine whether "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."

Moreover, a petitioner who alleges ineffective assistance of counsel following entry of a guilty plea has an even higher burden to meet. See *Hill v. Lockhart*, 474 U.S. 52, 53-59 (1985); *Fields v. Attorney General of Maryland*, 956 F.2d 1290, 1294-99 (4th Cir. 1992), *cert. denied*, 506 U.S. 885 (1992); *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988), *cert. denied,* 488 U. S. 843 (1988). In *Hooper*, the Fourth Circuit described this additional burden in a claim of ineffective assistance of counsel raised after a guilty plea:

> When a defendant challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [Strickland] test is slightly modified. Such a defendant "must show that there is a reasonable probability that, but for counsel's errors, *he would not have pled guilty and would have insisted on going to trial*."

*Hooper,* 845 F.2d at 475. See also *Hill*, 474 U.S. at 59; *Fields,* 956 F.2d at 1297.

9

In evaluating a post-guilty plea claim of ineffective assistance, statements previously made under oath affirming satisfaction with counsel – typically, in a Rule 11 proceeding - are binding on the defendant absent "clear and convincing evidence to the contrary." *Fields*, 956 F. 2d at 1299, citing *Blackledge v. Allison*, 431 U.S. 63, 74-75 (1977). The fact that a plea bargain is "favorable" to a defendant and that accepting it was "a reasonable and prudent decision" is itself evidence of "[t]he voluntary and intelligent" nature of the plea. *Fields,* 956 F.2d at 1299.

London's claim that his counsel was ineffective fails under both the *Strickland* and the *Hooper* standards.

The history of Petitioner's immigration history was clearly set forth in the PSR prepared following his guilty plea. During the Rule 11 colloquy, London confirmed that he met with his attorney and discussed the facts of the case as well as any possible defenses to the charges. (Plea Hearing Transcript, hereinafter "PH", p. 10). He affirmed his satisfaction with counsel and that he discussed the sentencing guidelines and sentencing factors with counsel. (PH, pgs. 11-12). He pled guilty freely and voluntarily and admitted he was pleading because he was in fact guilty of the crime. (PH 14). Further, he affirmed that the Statement of Facts was true and correct and he initialed every page. (PH, pgs. 14-15). The court accepted his guilty plea and found an independent basis in fact for each of the essential elements of the offense. (PH, p. 16).

Following preparation of the PSR counsel met with London and reviewed the entire report. As a result counsel wrote a lengthy letter to Probation requesting additional records in support of the calculation of his criminal history. Contrary to the statements made by London under oath during the Rule 11 colloquy, he now asserts counsel somehow failed to investigate his

immigration status such that a challenge could have been made to the jurisdiction of this court. There is no merit to this claim.

London was well versed in the immigration process, having previously been in administrative custody with ICE pending deportation proceedings. (PSR ¶ 15). In fact, while in custody he filed a notice requesting immediate deportation. *Id.* Further, he previously appeared before an Immigration Court on July 2, 2002, when he was ordered removed from the United States. (PSR ¶ 16). Despite his familiarity with the immigration process, he waited until sentencing to claim that he was confused and thought his criminal proceeding and immigration proceeding would be handled by the same judge. Having his argument overruled at sentencing, he now seeks, in the instant motion, to raise for the first time, a challenge to his immigration status by arguing that he should get "derivative citizenship under Section 1432(a). (ECF 42, p. 2).

His claim that he had derivative citizenship through his mother must fail under Title 8, USC 1432(a)(2), as he was over the age of 18 at the time his mother received her citizenship. (ECF 42, Ex. E). Prior to its repeal in 2000, Title 8 U.S.C. § 1432(a) specified that a "child born outside of the United States of alien parents" who enters the United States acquires derivative citizenship if he meets the following conditions:

(1) The naturalization of both parents: or

(2) The naturalization of the surviving parent if one of the parents is deceased; or

(3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and if

(4) Such naturalization takes place while such child is under the age of eighteen years; and

(5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized under clause (1) of this subsection, or the parent naturalized under clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of eighteen years. Title 8, U.S.C. § 1432(a).

Petitioner seeks to qualify under 1432(a)(2), as his father died when he was a child and he came to the United States with his mother. (PSR, ¶ 38). However, he cannot meet the qualifications for derivative citizenship because his mother did not become a naturalized citizen until August 5, 1986, when the defendant was 19 years old. (ECF 42, Ex. E). Further, at the time his mother received her citizenship, London was a convicted felon.

London's status as an illegal alien was clearly known at the time of his guilty plea. Counsel thoroughly reviewed every aspect of the PSR with London prior to sentencing and challenged several paragraphs in the PSR. Other than his general allegation that counsel failed to investigate his citizenship status, he offers no grounds on which counsel could have waged a successful challenge to the indictment as his citizenship was never an issue absent the claims he makes in the instant motion. Lawyers are not required to file frivolous motions to ward off claims of ineffective assistance of counsel.

While unclear from his pleading, London also appears to challenge his prior deportation. Such a challenge must fail as he offers no proof that he met the requirements set forth below. To successfully launch a collateral challenge against an underlying deportation proceeding, a defendant must demonstrate that: "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the

order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d)(1)-(3): *see also Mendoza–Lopez,* 481 U.S. at 840, 107 S.Ct. 2148; *United States v. Aquino–Chacon,* 905 F.Supp. 351, 353 (E.D.Va.1995) *aff'd,* 109 F.3d 936 (4th Cir.1997).

Finally, as to his claim that he was somehow confused into thinking there would be one proceeding covering both the immigration and criminal matters, that claim is contrary to the record in this case and lacks credibility. As counsel stated at the sentencing hearing, on April 27, 2011, following his arrest, he was served papers regarding an immigration detainer being placed on him. On May 2, 2011, U. S. Dept. of Homeland Security served a Notice of Intent/Decision to Reinstate Prior Order of Deportation which was signed by the defendant. (SH, pgs. 25 and 26). Both of these documents were separate and apart from the federal indictment returned against him by the grand jury.

Petitioner's general allegation that counsel failed to investigate and develop "evidence," is insufficient to meet the prejudice prong of *Strickland*. As discussed *supra*, this court retained jurisdiction to hear Petitioner's case and he offers nothing other than his belief that there was "a possibility" that his citizenship status could be changed. These claims fail under *Strickland* and *Hooper.*

### V. CONCLUSION

For the foregoing reasons, the Court should deny Petitioner's Motion to Vacate, Set

Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255.

                Respectfully submitted,

                Dana J. Boente
                ACTING UNITED STATES ATTORNEY

By:       /s/
                Howard J. Zlotnick
                Managing Assistant United States Attorney
                Attorney for the United States
                United States Attorney's Office
                Fountain Plaza Three, Suite 300
                721 Lakefront Commons
                Newport News, Virginia 23606
                Phone: 757-591-4000
                Fax: 757-591-0866
                Email: howard.zlotnick@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on November 19, 2013, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system. I further certify that I caused a true and correct copy of the foregoing to be clearly marked "Legal Mail," and mailed to the following non-ECF user:

>Ray Roger Nicholas London, Reg. No.: 78436-083
>Federal Correctional Institution – D. Ray James
>CORRECTIONAL INSTITUTION
>P.O. Box 2000
>Folkston, GA 31537

>/s/
>Howard J. Zlotnick
>Managing Assistant United States Attorney
>Attorney for the United States
>United States Attorney's Office
>Fountain Plaza Three, Suite 300
>721 Lakefront Commons
>Newport News, Virginia 23606
>Office Number: 757-591-4000
>Fax: (757) 591-0866
>Email Address: howard.zlotnick@usdoj.gov